

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOUIS DEGRATE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 2:15-CV-277 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION
## TO AFFIRM THE DECISION OF THE COMMISSIONER

Plaintiff Louis Degrate brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant NANCY A. BERRYHILL, Acting Commissioner of Social Security (Commissioner), denying plaintiff's application for disability insurance benefits (DIB) and Social Security Income benefits (SSI). For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

## I.
## THE RECORD

Plaintiff filed an application for DIB and SSI on March 15, 2012, alleging a disability onset date of September 22, 2010. (Tr. 11, 182–94, 211, 214). Plaintiff's claim was denied initially and on rehearing. Plaintiff requested an administrative hearing, which was held March 21, 2014. (Tr.

G:\Data\CEA\SS\R&R\Degrate-277.wpd

24–38, 99–106, 109–114).  The ALJ issued an unfavorable decision on May 6, 2014, finding

plaintiff not disabled.  (Tr. 11–18).   The ALJ found plaintiff had the following severe

impairments: degenerative disc diseases of the lumbar spine, status post back surgery, and

degenerative joint disease of the knees.  (Tr. 13).  He determined none of plaintiff's impairments

met or equaled the severity of a listed impairment.  (Tr. 14).  The ALJ next evaluated plaintiff's

RFC, reaching the conclusion he was able to perform the "full range of light work as defined in 20

CFR 404.1567(b) and 416.967(b).  Plaintiff was determined to be able to lift and/or carry 20

pounds occasionally and 10 pounds frequently.  In an 8-hour workday, he can stand and/or walk at

least 6 hours and sit at least 6 hours.  Stooping, kneeling, crouching, and crawling are occasional."

(*Id.*).  The ALJ found plaintiff was unable to perform his past relevant work as a salvage yard order

puller, which the vocational expert testified is heavy and semiskilled work.  (Tr. 16).  The ALJ

found that considering the claimant's age, education, work experience, and residual functional

capacity, there were jobs that existed in significant numbers in the national economy that the

claimant can perform.  (Tr. 16–17).   Specifically, the ALJ noted plaintiff could perform the

requirements of occupations such as a fast food worker.  (Tr. 17).

Upon the Appeals Council's denial of plaintiff's request for review on July 17, 2015, the

ALJ's determination that plaintiff was not under a disability during the relevant time period

became the final decision of the Commissioner.  (Tr.1–3, 8–18).  Plaintiff now seeks judicial

review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

The medical record shows the following:

Plaintiff was treated at the Wyatt Services Clinic from April 15, 2009 through May 7, 2012.

(Tr. 259–352).  He was primarily seen with complaints of back or knee pain.  (*Id.*).

Jeffrey S. Pickens, MD, saw plaintiff on April 22, 2009, when he presented complaining of low back pain at a level of 8/10 for the last four months. (Tr. 263). He stated the pain radiated to his left hip and down his knee. (*Id.*). A lumbosacral examination showed tenderness over the left lumbosacral joint, forward flexion of 90 degrees, hyperextension of 5 degrees, right lateral bend of 30 degrees, left lateral bend of 30 degrees, positive lying and sitting straight leg raises on the left side only, abnormal toe walking on the left side only, and normal heel walking bilaterally. (*Id.*).

X-rays performed the same day showed no acute fracture or subluxation within the lumbar spine. (Tr. 266). Multilevel degenerative changes were noted which were most pronounced at the L4 level, where large anterior osteophytes were observed. (*Id.*).

On April 28, 2009, plaintiff called Dr. Pickens office and stated the Flexeril and Naprosyn were not helping the pain. (Tr. 267). He was proscribed Tramadol. (*Id.*). An MRI was scheduled. (*Id.*).

An MRI was performed on April 30, 2009, which showed (1) moderately severe spinal stenosis at L4-5 due to diffuse disc bulging and facet/ligamentum flavum hypertrophic changes, (2) mild AP canal stenosis at L4-5 due to diffuse disc bulging and bilateral facet and ligamentum flavum hypertrophy, and (3) mild neural foraminal narrowing bilaterally at L3–4 and L4–5, contacting, but not displacing or flattening existing nerve roots at both levels. (Tr. 269).

Dr. Pickens reviewed the MRI and noted some spinal stenosis and stated he might benefit from physical therapy and if not, he would need to be evaluated by a surgeon. (Tr. 270). Plaintiff underwent physical therapy but eventually was referred to a neurosurgeon. (Tr. 273).

Plaintiff underwent a lumbar laminectomy L4–5 and discectomy L4–5, L5–6 performed by Dr. Errington in September 2009. (Tr. 291, 296).

Plaintiff was seen by Dr. Pickens on December 29, 2009. (Tr. 295–98). He stated he was still not doing better. (*Id.*). He could do some walking but no lifting and had radicular pain in both legs, left more than right. (*Id.*). It was noted he might be a candidate for pain management. (*Id.*).

On April 10, 2010, plaintiff was referred to Dennis Ice, MD, for a Pain Management evaluation. (Tr. 300).

On April 30, 2010, plaintiff had a follow-up exam with Dr. Pickens. (Tr. 302). He was scheduled to see Dr. Ice for Pain Management the next day. (*Id.*). He complained of radicular pain into his left leg, and some right knee pain and swelling, likely from favoring his left leg. (*Id.*).

On July 23, 2010, plaintiff was seen by Dr. Pickens complaining of back pain that radiated into his left leg, with no relief from the medication prescribed. (Tr. 308–12). Plaintiff stated he had been seeing Dr. Ice for Pain Management but was terminated because of a positive urine drug screening. (*Id.*). He admitted to Dr. Pickens "that he smoked some weed." (*Id.*).

On February 28, 2011, Dr. Pickens saw plaintiff who stated he spends about half of his day at a pain level of 8/10, but if he takes his medication it is about 6/10. (Tr. 328–31). He stated he is not able to do much when the medication wears off, but when he takes his medication he is able to do his activities of daily living. (*Id.*).

On December 7, 2011, he was seen by Dr. Pickens again. (Tr. 340–42). Plaintiff complained of lower back pain bilaterally and right radiculopathy. (*Id.*). His most recent urine toxicology screen was positive for marijuana and cocaine, though plaintiff denied use. (*Id.*). In "Impressions," Dr. Pickens noted under Chronic Pain Syndrome, "I really cannot tell if he is truthful with me or not, but for today I will give him the benefit of the doubt." (*Id.*).

On March 12, 2012, plaintiff called seeking a letter for the Housing Authority stating he is disabled. (Tr. 345). Debbie Folson, RN, noted she spoke with plaintiff and he was requesting this letter for HUD housing assistance, and she documented, "I failed to get further information from pt regarding why he is wanting this because we are not able to state he is disabled." (*Id.*). A form from the housing authority was forwarded to Dr. Pickens to review. (*Id.*).

On June 30, 2012, plaintiff was evaluated by Joe Bergman, MD, for a consultative exam. (Tr. 354–59). The examination showed full strength in each area tested. (*Id.*). Straight-leg raises were negative bilaterally. (*Id.*). The musculoskeletal examination noted "[N]o midline tenderness to palpation on his spine. The claimant was able to lift, carry and handle light objects. The claimant was able to squat and rise from that position with ease. The claimant was able to rise from a sitting position without assistance and had no difficulty getting up and down from the exam table. The claimant was able to walk on heels and toes with ease. Tandem walking was normal and the claimant could hop on either foot bilaterally. . . . Range of motion was within normal limits in all areas . . . ." (*Id.*). Significant thoracolumbar paraspinal muscle spasms were noted. (*Id.*). The right knee showed positive apprehension sign, tenderness to palpation of the inferior pole of the patellar indicating patellar tendonitis, and mild crepitus on the patellar range of motion. (*Id.*). The left knee showed similar findings, though not as severe as the right. (*Id.*). Dr. Bergman opined plaintiff could be expected to "sit, stand and walk normally in an 8-hour workday with normal breaks." (*Id.*). He also stated plaintiff did not have any limitations with lifting and could carry an age and gender-appropriate weight. He found no limitations on bending or stooping. (*Id.*). He did find that plaintiff should only "crouch, squat, and so on" occasionally due to patellofemoral disease. (*Id.*).

A Physical Residual Functional Capacity Assessment was done by Tina Ward, MD, on July 25, 2012. (Tr. 370–77). She found plaintiff was capable of occasionally lifting or carrying 20 pounds, frequently lifting or carrying 10 pounds, standing and/or walking with normal breaks for about 6 hours in an 8-hour workday, sitting with normal breaks for 6 hours in an 8-hour workday, unlimited pushing and pulling, occasionally climbing ramp/stairs, and never climbing ladder/ropes/scaffolding. (*Id.*).

On October 31, 2012, Jeanine Kwun, M.D. performed a Case Assessment and affirmed the RFC findings of Dr. Ward. (Tr. 488).

II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings, and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). To determine whether substantial evidence of disability exists, the following elements must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the

Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Stated differently, the level of review is not *de novo*. The fact that the ALJ *could* have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ's decision.

## III.
## ISSUES

Plaintiff raises one ground for reversal of the acting Commissioner's decision denying plaintiff Social Security benefits:

1.  The Commissioner's decision that plaintiff was not disabled was not
    supported by substantial evidence.

## IV.
## MERITS

*A. The ALJ's decision was supported by substantial evidence.*

The crux of plaintiff's argument that substantial evidence did not support the ALJ's decision appears to be that the ALJ found plaintiff capable of light work rather than sedentary and he points to various subjective complaints and symptoms to support this assertion. Pl.'s Br. in Supp. of Claim for Social Security Benefits, ECF No. 20, at 9.

Plaintiff cites Social Security Ruling 83-10 for the proposition that light work requires a good deal of walking or standing during the day and sitting may occur intermittently. *Id.* at 7. Plaintiff then cites the Dictionary of Occupational Titles for a "fast food worker," a job that the ALJ found plaintiff could perform. *Id.* at 8. Plaintiff states, "Obviously, a fast food worker is a job which requires a great deal of standing and walking. Mr. Degrate's back and knee problems are such that he would not be able to perform this work." *Id.*

Subjective complaints, without support of objective evidence, are not sufficient to establish disability. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989), *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). The objective evidence does not support plaintiff's claims, nor does the record contain any finding by a physician—treating, consulting, or reviewing— that limited plaintiff's ability to stand or walk to less than what is required for light work. Not only did plaintiff offer no medical opinion to corroborate his assertion that his conditions prevent him from being able to perform light work, but the medical evidence in the record supported the decision of the ALJ.

Plaintiff's consultative exam with Dr. Bergman showed a full range of motion in the spine, straight leg raising test was negative bilaterally, all musculoskeletal maneuvers were performed with ease, plaintiff was able to lift, carry, and handle light objects, squat and rise with ease, rise from sitting without aid, showed no difficulty getting up and down from the exam table, was able to walk heel to toes with ease, tandem walk normally, and hop on either foot. (Tr. 357). Dr. Bergman found that plaintiff could sit, stand, and walk normally in an 8-hour work day with normal breaks. (*Id.*)

In addition to the findings of Dr. Bergman, the reviewing state agency physicians both found that plaintiff could fully perform light work, with only occasionally climbing ramps and stairs and never climbing ladders, ropes, and scaffolds. (Tr. 354–59). Dr. Ward found plaintiff could stand and/or walk for six hours in an eight-hour workday and could sit for six hours in an eight-hour workday. (Tr. 370–77). This opinion was affirmed by Dr. Kwun. (Tr. 488).

These medical opinions provide substantial support for the ALJ's finding that plaintiff could perform light work.

Plaintiff further argues an individual of his age, education, and work experience would be found disabled if limited to sedentary work, per Grid Rule 201. 14. Pl.'s Br. in Supp., at 8. Plaintiff, however, provides no opinion from any medical provider giving functional limitations that would support a finding of plaintiff only being capable of performing sedentary work. Such a finding might indeed result in an finding of disability, but there is no medical evidence to support a finding that plaintiff is only capable of sedentary work. Even if there was some evidence which would support a finding of sedentary work, the Court's role is limited to determining whether substantial evidence exists in the record to support the Commissioner's factual findings and whether any errors of law were made. *See Anderson*, 887 F.2d at 633. Plaintiff has essentially asked the Court to decide the case differently than the ALJ's determination. The federal court, however, does not conduct a de novo review and may not substitute its judgment for the determination made by the defendant Secretary. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

There is little doubt from the records and testimony that plaintiff experiences pain, but the presence of pain is not always disabling. *See Newton*, 209 F.3d at 459 (mild or moderate pain will

not render a claimant disabled); *Richardson v. Bowen*, 807 F.2d 444, 448 (5th Cir. 1987) ("While pain can be a disabling condition, not all pain is disabling. [Plaintiff's] allegations of pain are to be evaluated against the other evidence in the record.") (internal citations omitted).

In this case, substantial evidence supports the ALJ's decision. The Undersigned recommends the case be AFFIRMED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the defendant Commissioner finding plaintiff LOUIS DEGRATE not disabled and not entitled to a period of disability benefits be AFFIRMED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____ day of March 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. Petitioner. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. Petitioner. 72(b)(2); *see also* Fed. R. Civ. Petitioner. 6(defendant).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).